**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JIMMY ZAEE, JAY ZAEE,**

      **Plaintiffs,**

**vs.**                              **Case No. 4:14cv200-MW/CAS**

**OFFICER RUBLE, UNKNOWN
ABBEVILLE POLICE OFFICER,
UNKNOWN HENRY COUNTY
DEPUTY SHERIFF, et al.,**

      **Defendants.**

_____/


**<u>REPORT AND RECOMMENDATION</u>**

On April 21, 2014, Plaintiffs initiated this case by filing a complaint, doc. 1, and an in forma pauperis motion, doc. 3. Ruling on the in forma pauperis motion was deferred because clarification was needed from Plaintiffs. *See* doc. 3. It appeared from the complaint, doc. 1 at 1-7, that Plaintiffs are father and son but it was unknown whether the son was of legal age to bring this case in his own behalf or whether the father must bring this case for the son as "Next Friend." *See* doc. 4. Thus, an Order was entered requiring Plaintiffs to clarify the age and capacity of Jimmy Zaee. *Id.* Plaintiff's have stated in the

amended complaint, doc. 5-1, that Jay Zaee is the 41-year old son of Jimmy Zaee.  *Id.* at

1.

In addition, the Order informed Plaintiffs that if both Plaintiffs seek to bring this case

together, both must sign the complaint.  Doc. 4.  The amended complaint is brought on

behalf of both Plaintiffs, and both appear to have now signed the amended complaint.

However, Plaintiffs were also advised that "if this case is brought by two Plaintiffs, both

Plaintiffs must complete in forma pauperis motions demonstrating that both Plaintiffs lack

sufficient funds with which to pay the fee."  Doc. 4.  "One motion may not be filed for two

persons."  *Id.*  However, in response to that Order, only one in forma pauperis motion was

filed, doc. 6, with the amended complaint, doc. 5.  That motion was filed on behalf of

Plaintiff Jay Zaee.  Doc. 6.  Although that motion is generally sufficient to demonstrate

Plaintiff Jay Zaee is entitled to in forma pauperis status, it is unknown whether Plaintiff

Jimmy Zaee is able to pay the filing fee for this case.  Thus, ruling must remain deferred on

the in forma pauperis motions.

Nevertheless, review of the allegations of the amended complaint reveal that

Plaintiffs complain about events which transpired in Abbeville, Alabama when their vehicle

was stopped by law enforcement.  Doc. 5 at 3.  All Defendants are law enforcement from

Abbeville, and the events at issue in this case took place in Alabama.

Therefore, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C.

§ 81(b) is in the United States District Court for the Middle District of Alabama, Southern

Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte.*  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be **Transferred** to the United States District Court for the Middle District of Alabama, Southern Division, for all further proceedings, including a determination of the right to proceed in forma pauperis.

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2014.



 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**